1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  CASEY O'NEILL (NYBN 4715363)
   Special Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, CA 95113
        Telephone: (408) 535-5080
7       Fax:  (408) 535-5066
        E-Mail: Casey.O'Neill@usdoj.gov
8
   Attorneys for the United States of America
9

10                           UNITED STATES DISTRICT COURT

11                          NORTHERN DISTRICT OF CALIFORNIA

12                                  SAN JOSE DIVISION

13 UNITED STATES OF AMERICA,          )  CASE NO. CR 13-00508 LHK
                                      )
14      v.                            )  STIPULATION AND [PROPOSED] PROTECTIVE
                                      )  ORDER REGARDING DISCOVERY MATERIALS
15 LAURA GARCIA,                      )
        a/k/a "Blinky," and           )
16 VANESSA PULIDO,                    )
        a/k/a "Bunny,"                )
17                                    )
        Defendants.                   )
18                                    )
                                      )
19                                    )
                                      )
20 ─────────────────────────────────

21      With the agreement of the parties and defendants' consent, the Court enters the following Order.

22      Defendants are charged with violations of 21 U.S.C. § 846, Conspiracy to Possess with Intent to

23 Distribute, and to Distribute, Methamphetamine, and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii),

24 Possession with Intent to Distribute, and Distribution of, Methamphetamine. Per defendants' requests,

25 the United States will produce certain documents and audio and video recordings pertaining to the

26 defendants and the charged drug transactions (hereinafter, the "DISCOVERY MATERIALS") to

27 defense counsel, in lieu of making those DISCOVERY MATERIALS available for review only. Any

28 such materials are deemed produced pursuant to the following restrictions:

PROTECTIVE ORDER
CR 13-00508 LHK                                    1

1. Except when actively being examined for the purpose of the preparation of the defense of defendants, the DISCOVERY MATERIALS shall be maintained in a locked, safe, and secure drawer, cabinet, or safe or password-protected electronic device (e.g., computer, memory stick), which is accessible only to defense counsel, members of his or her law firm who are working with him or her to prepare defendants' defense, and his or her investigator(s). Defense counsel, members of his or her law firm, defendants, and the investigator(s) shall not permit any person access of any kind to the DISCOVERY MATERIALS except as set forth below.

2. The following individuals may examine the DISCOVERY MATERIALS for the sole purpose of preparing the defense of defendants and for no other purpose:

    a) counsel for defendants;

    b) members of defense counsel's law office or other individuals working with defense counsel who are assisting with the preparation of defendants' defense, including experts retained or consulted by defense counsel;

    c) defendants, but only in the presence of defense counsel or another authorized person listed in this paragraph (defendants may not take or maintain the DISCOVERY MATERIALS or copies thereof); and

    d) investigators retained by defendants to assist in the defense of this matter.

If defense counsel determines that additional persons are needed to review the DISCOVERY MATERIALS, he or she must obtain a further order of the Court before allowing any other individual to review the materials.

3. A copy of this Order shall be maintained with the DISCOVERY MATERIALS at all times.

4. All individuals other than defense counsel and defendants who receive access to the DISCOVERY MATERIALS, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that:

    a) they have reviewed the Order;

    b) they understand its contents;

    c)  they agree that they will only access the DISCOVERY MATERIALS for the purposes of preparing a defense for defendants; and

    d)  they understand that failure to abide by this Order may result in sanctions by this Court.

  Counsel for defendants shall maintain signed copies of the Order with the original discovery materials, and will make copies of the same available to the United States upon request.

  5.  No other person shall be allowed to examine the DISCOVERY MATERIALS without further order of the Court. Examination of the DISCOVERY MATERIALS shall be done in a secure environment which will not expose the materials to other individuals not listed above.

  6.  The DISCOVERY MATERIALS may be duplicated to the extent necessary to prepare the defense of this matter. Any duplicates will be treated as originals in accordance with this Order.

  7.  If the DISCOVERY MATERIALS are attached to any pleadings or other court submissions, the DISCOVERY MATERIALS and any pleadings or submissions referencing those materials shall be filed or lodged under seal.

  8.  The respective defense teams shall return the DISCOVERY MATERIALS (and any duplicate copies of the same) to the United States sixty calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against the particular defendant; that defendant's acquittal by court or jury; expiration of the time for filing a Notice of Appeal; or the conclusion of any direct appeal on that defendant's behalf. In the alternative, within the same time frame, defense counsel may destroy the DISCOVERY MATERIALS and send the United States notice that the materials have been destroyed.

  9.  After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case, the United States will maintain a copy of the DISCOVERY MATERIALS. The United States will maintain the DISCOVERY MATERIALS until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the United States may destroy the DISCOVERY MATERIALS. In the event either defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide

that counsel with a copy of the DISCOVERY MATERIALS under the same restrictions as trial and direct appeal defense counsel. Defendants' counsel in any action under 28 U.S.C. § 2255 shall return the same materials fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

MELINDA HAAG
United States Attorney

Dated: September 25, 2013

_____/s/_____
CASEY O'NEILL
Special Assistant United States Attorney

_____/s/_____
STEPHEN MEYER
Assistant United States Attorney

Dated: September 25, 2013

_____/s/_____
JAMES MCNAIR THOMPSON
Counsel for defendant Laura Garcia

Dated: September 25, 2013

_____/s/_____
JERRY Y. FONG
Counsel for defendant Vanessa Pulido

IT IS SO ORDERED that disclosure of the above-described materials shall be restricted as set forth above.

DATED: September 25, 2013

_____
HONORABLE LUCY H. KOH
United States District Judge